Matter of Rimberg (2020 NY Slip Op 03120)





Matter of Rimberg


2020 NY Slip Op 03120


Decided on June 3, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
HECTOR D. LASALLE, JJ.


2017-06111

[*1]In the Matter of Robert L. Rimberg, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Robert L. Rimberg, respondent. (Attorney Registration No. 2131357)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on May 4, 1987. By decision and order on motion dated October 19, 2017, the respondent was immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) based on his conviction of a serious crime, and was directed to promptly advise this Court upon being sentenced. On December 7, 2018, the respondent advised this Court of his sentence. By order to show cause dated February 14, 2019, this Court directed the respondent to show cause pursuant to 22 NYCRR 1240.12(c)(2)(i) why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime. By decision and order on application dated May 17, 2019, the matter was referred, pursuant to 22 NYCRR 1240.12(c)(2)(iii), to Roger Bennet Adler, as Special Referee, to hear and report.



Diana Maxfield Kearse, Brooklyn, NY (Sasha N. Holguin of counsel), for petitioner.
Michael S. Ross, New York, NY, for respondent.



PER CURIAM


OPINION & ORDER
On January 5, 2017, in the United States District Court for the Southern District of New York, before U.S. District Judge John G. Koeltl, the respondent was convicted, upon a plea of guilty, of operating an unlicensed money transmitting business, in violation of 18 USC § 1960(a), a federal felony. On October 20, 2017, the respondent was sentenced to probation for a period of one year, and was directed to perform 250 hours of community service and pay a $25,000 fine.
While the initial indictment charged the respondent with money laundering, the superseding information charged the respondent with a lesser offense, to wit:
"From at least in or about 2010 through in or about 2011, in the Southern District of New York and elsewhere, Robert Rimberg, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money-transmitting business affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1960."
In his plea allocution, the respondent acknowledged the following:
"In or about December 2010, I did operate an unlicensed money-transmitting business in Manhattan which was established to affect more than one interstate wire [*2]transmission that was not registered under Section 5330 of Title [31] within the required 180 days."
The facts disclosed at a mitigation hearing showed the following: in the fall of 2010, the respondent was introduced to a business investor from South America who wished to invest $1 million cash for the production of a movie. The goal was to use the $1 million to leverage an additional $5 million from lenders to be used for the marketing of the movie. The respondent was assured that the money was "clean." The idea was for the $1 million cash to be delivered to the respondent's offices, and for the money to be deposited into a client's account, and then wired to different designated accounts. The respondent testified that he "didn't feel good about it," but agreed and went ahead with the arrangement. For the respondent's role in the transaction, he was paid a $25,000 fee. Several years later, the respondent learned that the money was "drug money." The respondent was initially charged with money laundering; however, upon acknowledgment by the government that the respondent had no knowledge that the money was linked to narcotics, the respondent pleaded guilty to a lesser offense.
Report of the Special Referee 
Following the mitigation hearing, the Special Referee found that the respondent acted out of greed. However, he noted, in mitigation, that the respondent testified credibly, that he accepted responsibility for his actions, that his conduct was aberrational, that he was genuinely remorseful, that he had an unblemished disciplinary history, and that he was a well-respected legal practitioner.
Sanction 
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts moves to confirm the report of the Special Referee. In response to the motion, the respondent contends that, in view of the mitigation in this case, the sanction should be a suspension of two years nunc pro tunc to October 19, 2017, the date that he was immediately suspended from the practice of law. In addition to the mitigating factors noted above by the Special Referee, the respondent asks this Court to consider the fact that no client was harmed, that he has already paid a high price professionally for his actions, that he is a devoted family man, and that he has engaged in many volunteer and charitable activities in his community.
Notwithstanding the aforementioned mitigation, we find that the respondent should have known that the money was from an illegal source because, as the judge remarked at sentencing, "people usually don't walk into an office with a million dollars in cash" and ask that it be converted into another form. The respondent should have been on notice that this was not a legitimate transaction. The respondent acknowledged that something was not right and that he thought he was breaking some law somewhere, but decided to participate anyway. While no client was harmed, the respondent acted recklessly and was motivated by greed.
Under the totality of the circumstances, we conclude that the respondent's criminal conduct warrants a suspension from the practice of law for a period of three years, with credit for the time elapsed under the decision and order of this Court dated October 19, 2017.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LASALLE, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Robert L. Rimberg, is suspended from the practice of law for a period of three years, with credit for the time elapsed under the decision and order of this Court dated October 19, 2017, and continuing until further order of this Court. The respondent may immediately apply for reinstatement. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Robert L. Rimberg, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and [*3]it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert L. Rimberg, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Robert L. Rimberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court